Claudia Center, State Bar No. 158255
Rachael Langston, State Bar No. 257950
Gina Gemello, State Bar No. 282964
The LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104 - 4244
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
Emails: ccenter@las-elc.org
rlangston@las-elc.org
ggemello@las-elc.org
Attorneys for Plaintiff
Patricia Cardenas

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA CARDENAS,

    Plaintiff,

v.

CONCENTRA HEALTH SERVICES, INC.

    Defendant.

Case No. 13 1299

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF FOR VIOLATIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AND THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT**

**JURY TRIAL DEMANDED**

Plaintiff Patricia Cardenas alleges as follows:

## INTRODUCTION

1. This is an action for relief from Defendant's violations of Plaintiff's civil rights. These violations, which are more particularly alleged herein, include disability-based discrimination, failure to reasonably accommodate, failure to engage in the interactive process, and retaliation in violation of California's Fair Employment and Housing Act (FEHA), and unlawful business practices in violation of California's Unfair Business Practices Act.

2. Plaintiff seeks lost wages, other employment benefits and compensation lost, compensatory and punitive damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs for Defendant's violations of her rights.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000 and is between citizens of different states: California (plaintiff) and Texas (defendant).

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this matter occurred in this judicial district.

## PARTIES

5. Plaintiff Patricia Cardenas is a U.S. citizen and a resident of Alameda County, in this judicial district.

6. Plaintiff is a person with a disability (major depressive disorder) under the FEHA. Plaintiff also has a record of disability within the meaning of state disability nondiscrimination laws. Plaintiff is informed and believes, and thereon alleges, that Defendant regarded her as disabled within the meaning of state disability nondiscrimination laws.

7. At all relevant times, Plaintiff was qualified to perform all of the essential functions of her position, with or without reasonable accommodation.

8. Defendant Concentra is a Texas corporation. At all times relevant, Defendant employed more than 5 employees and is therefore an employer covered by the FEHA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted all administrative remedies.

10. Plaintiff filed an administrative charge of discrimination with the California Department of Fair Employment and Housing (DFEH) on March 28, 2011. Plaintiff received an initial right-to-sue notice from the DFEH on March 26, 2012, which was later replaced with a right-to-sue notice dated October 30, 2012.

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference the allegations in paragraphs 1 through 10 as though

fully set forth herein.

12. Plaintiff Patricia Cardenas has major depressive disorder. She is a person with a disability under the FEHA. At all relevant times, Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

13. Beginning on December 17, 2009, Plaintiff was employed by defendant Concentra, a nationwide healthcare company. Defendant operates approximately 600 medical facilities in 40 states.

14. Plaintiff was employed as a "Worksite Health Specialist" at Defendant's on-site medical facility at the U.S. Mint in San Francisco, California. Plaintiff's job duties included providing advice on safety protocols and treating workplace medical issues. Plaintiff worked from 3:00 p.m. to 12:30 a.m.

15. On Saturday March 6, 2010, Plaintiff was hospitalized for her depression. Plaintiff's brother spoke with Defendant's employee Mary Ellen Alexander (Plaintiff's supervisor) regarding Plaintiff's hospitalization on March 6, 2010, and again on March 7, 2010.

16. Plaintiff provided Defendant with two letters (dated March 11, 2010 and March 19, 2010) from her doctor placing her on a medical leave for treatment and recovery. Plaintiff's doctor offered an "anticipated" return-to-work date of June 1, 2010, but qualified that Plaintiff might return to work "earlier depending on her recovery."

17. Ms. Alexander encouraged Plaintiff to take the time that she needed to recover.

18. For a brief time, Plaintiff's medical leave proceeded without incident. Then, on Friday, April 2, 2010, Ms. Alexander left a voicemail for Plaintiff telling her that she was being terminated because defendant Concentra "could not wait" for Plaintiff to return to work.

19. Plaintiff called Ms. Alexander immediately upon receiving this message. Plaintiff left Ms. Alexander a voicemail stating that she would ask her doctor to release her to work.

20. Plaintiff obtained a full release to work by the next business day (Monday, April 5, 2010) and informed Ms. Alexander of this fact. Ms. Alexander told Plaintiff that Defendant was still terminating her.

21. On or about this time, Plaintiff informed Defendant that she was willing to work a

different shift if necessary.

22. In separation paperwork dated April 2, 2010, Defendant characterized Plaintiff's departure as a "voluntary resignation." Defendant stated in the separation paperwork that Plaintiff "[f]ailed to return from Leave of Absence."

23. Defendant did not fill Plaintiff's former position until May 12, 2010.

24. On or about this time, Defendant created an additional, brand-new "Worksite Health Specialist" position.

25. Plaintiff experienced an exacerbation of her depression as a result of being terminated by Defendant.

26. Despite her best efforts, Plaintiff was unable to secure new employment until August 2012.

## DECLARATORY RELIEF ALLEGATIONS

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 though 26 as though fully set forth herein.

28. An actual controversy exists between the Plaintiff and Defendant concerning their respective rights and duties. Plaintiff contends that Defendant willfully violated her rights under the FEHA. Plaintiff is informed and believes that Defendant denies that these actions were unlawful. Declaratory relief is therefore necessary and appropriate.

29. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration of Defendant's duty to comply with the law.

## INJUNCTIVE REFLIEF ALLEGATIONS

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as though fully set forth herein.

31. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

32. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

//

## FIRST CLAIM FOR RELIEF
Disability-Based Discrimination
California's Fair Employment and Housing Act,
Cal. Gov't Code § 12940(a)

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as though fully set forth herein.

34. It is unlawful under the FEHA for an employer to discriminate against an employee based on the "mental disability" of that person. Cal. Gov't Code §§ 12940(a), 12926(j). The FEHA also requires employers to provide reasonable accommodations to employees with disabilities, and to engage in an interactive process with employees to determine appropriate accommodations. Cal. Gov't Code § 12940(a)(1), (m), (n).

35. In violation of Plaintiff's rights under the FEHA to be free from disability-based discrimination in employment, Defendant terminated Plaintiff while she was on a medical leave of absence, a reasonable accommodation. In further violation of Plaintiff's rights, Defendant failed to engage in a good faith, interactive process with Plaintiff when Plaintiff indicated that she was able and willing to return to work. Instead, Defendant terminated Plaintiff based on her disability and/or her need for a reasonable accommodation.

36. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's right to be free from disability-based discrimination.

37. As a proximate result of these unlawful acts, Plaintiff suffered lost wages, employment benefits, and other compensation.

38. As a proximate result of these unlawful acts, Plaintiff has suffered injury, including emotional injury.

39. Plaintiff is entitled to compensatory damages, any lost wages and benefits, declaratory and injunctive relief, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
Failure to Accommodate
California's Fair Employment and Housing Act,
Cal. Gov't Code § 12940(a)(1), (m), (n)

40. Plaintiff incorporates by reference the allegations in paragraphs 1 through 39 as though fully set forth herein.

41. Under the FEHA, it is an unlawful employment practice for an employer to fail to make reasonable accommodation for the known "mental disability" of an employee, or to fail to engage in a timely, good faith, interactive process with an employee who needs an accommodation. Cal. Gov't Code § 12940(a), (m), (n).

42. In violation of Plaintiff's right to reasonable accommodations under the FEHA, Defendant rescinded Plaintiff's reasonable accommodation of a medical leave of absence, declined to offer any alternative reasonable accommodation, and terminated her employment.

43. In further violation of Plaintiff's rights, Defendant failed to engage in a timely, good faith interactive process to discuss Plaintiff's need for accommodation, and to determine and implement effective reasonable accommodations that would have enabled Plaintiff to retain her employment. Relevant accommodations included an extension of medical leave, a modified schedule, and/or a transfer to a vacant position at the U.S. Mint or to another of Defendant's 600 locations.

44. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's right to reasonable accommodations under the FEHA.

45. As a proximate result of these unlawful acts, Plaintiff has suffered lost wages, employment benefits, and other compensation.

46. As a proximate result of these unlawful acts, Plaintiff has suffered injury, including emotional injury.

47. Plaintiff is entitled to compensatory damages, any lost wages and benefits, declaratory and injunctive relief, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
Failure to Engage in the Interactive Process
California's Fair Employment and Housing Act,
Cal. Gov't Code § 12940(n)

48. Plaintiff incorporates by reference the allegations in paragraphs 1 through 47 as though fully set forth herein.

49. Under the FEHA, it is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with an employee who has a disability to determine

1 effective reasonable accommodations in response to a request for reasonable accommodation. Cal. Gov't Code § 12940(n).

50. Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine what possible accommodation(s) would have allowed Plaintiff to retain her employment, such as continued medical leave, a modified work schedule, transfer to a vacant position at the U.S. Mint worksite, or reassignment to another of Defendant's 600 locations. Rather than discuss with Plaintiff her need for accommodation, Defendant terminated her.

51. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights under the FEHA.

52. As a proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, and other compensation.

53. As a proximate result of these unlawful acts, Plaintiff has suffered injury, including emotional injury.

54. Plaintiff is entitled to compensatory damages, any lost wages and benefits, declaratory and injunctive relief, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
Retaliation
California's Fair Employment and Housing Act,
Cal. Gov't Code § 12940(h)

55. Plaintiff incorporates by reference the allegations in paragraphs 1 through 54 as though fully set forth herein.

56. Under the FEHA is it unlawful for an employer to retaliate against an individual for engaging in protected activities. Cal. Gov't Code § 12940(h).

57. Plaintiff engaged in protected activities under the FEHA and was exercising her rights under the FEHA when she took a medical leave of absence as a reasonable accommodation for her disability.

58. In violation of the FEHA, Defendant retaliated against Plaintiff and interfered with the exercise of her rights by terminating Plaintiff while she was on a medical leave, by failing to provide reasonable accommodation, and by failing to engage in a timely, good faith, interactive process.

59. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's right under the FEHA to be free from retaliation.

60. As a proximate result of these unlawful acts, Plaintiff has suffered lost wages, employment benefits, and other compensation.

61. As a proximate result of these unlawful acts, Plaintiff has suffered injury, including emotional injury.

62. Plaintiff is entitled to compensatory damages, any lost wages and benefits, declaratory and injunctive relief, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
Unlawful Business Practices
California's Unlawful Business Practices Act,
Cal. Business & Prof. Code § 17200 *et seq.*

63. Plaintiff incorporates by reference the allegations in paragraphs 1 through 62 as though fully set forth herein.

64. Unfair practices prohibited by California's Unfair Business Practices Act include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

65. Defendant has committed unlawful and unfair business practices, including but not limited to the following: (1) failing to accommodate Plaintiff; (2) failing to engage in a timely, good faith, interactive process to determine effective reasonable accommodations for an employee with a disability; (3) retaliating against Plaintiff for exercising her rights under the law; and (4) terminating Plaintiff on the basis of disability.

66. As a proximate result of the unlawful and unfair business practices of Defendant, Plaintiff has suffered injury in fact and has lost money or property.

67. Plaintiff is entitled to restitution, declaratory relief, injunctive relief, and attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant all injunctive relief necessary to bring Defendant into compliance with the Fair Employment and Housing Act;

2. Grant such other injunctive relief as may be appropriate;

3. Grant declaratory relief;

4. Order Defendant to pay Plaintiff for the wages, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial;

5. Order Defendant to pay compensatory damages for emotional pain and suffering in an amount to be proven at trial;

6. Order Defendant to pay exemplary and punitive damages;

7. Order Defendant to pay restitution;

8. Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action;

10. Order Defendant to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

11. Grant such other and further relief as this Court may deem proper and just.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: March 22, 2013

Respectfully submitted,

Claudia Center
Rachael Langston
Gina Gemello
THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER

By: _____
Gina Gemello
Attorney for Plaintiff
Patricia Cardenas